UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TROY NICHOLAS MACDERMOTT,

                              Petitioner,

Civil No. 25-05 (JRT/DLM)

v.

JARED RARDIN, *Warden*,

                              Respondent.

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Troy Nicholas MacDermott, 7447 East Matanuska Spur, Palmer, AK 99645, *pro se* Petitioner.

Ana H. Voss and Kristen Elise Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Troy Nicholas MacDermott petitions for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the legality of a prison disciplinary proceeding that resulted in the revocation of good-time credit. Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R"), recommending that the Court dismiss MacDermott's habeas petition with prejudice. MacDermott then filed two motions challenging the R&R. While the Court was considering MacDermott's filings, MacDermott was released from custody. Because Petitioner's release from custody renders his Petition moot, the Court will deny the Motion to Alter or Amend the Judgment and the Request for Equitable Tolling as moot, reject the R&R as moot, deny the Petition as moot, and dismiss the action without prejudice.

**BACKGROUND**

MacDermott was sentenced to an 86-month term of imprisonment, to be followed by 40 years of supervised release. (Decl. of Anna Fitcher ("Fitcher Decl.") ¶ 7, Ex. B at 2, Jan. 21, 2025, Docket No. 12.)  Taking into account good-conduct time credit, MacDermott's expected release date was October 1, 2025.  But while incarcerated at the Federal Medical Center in Rochester, Minnesota, he was involved in an incident with another inmate that led to the Bureau of Prisons (BOP) revoking 27 days of good-time credit.[1]

MacDermott filed a Petition for Writ of Habeas Corpus challenging the legality of the disciplinary proceedings that resulted in the loss of 27 days of good-time credit and requesting that the disallowed days be restored to him so that he could be released from custody sooner.  (Pet. Writ Habeas Corpus ("Pet") ¶ 5, Jan. 2, 2025, Docket No. 1.) MacDermott listed ten grounds for relief from the BOP's disciplinary sanctions and one ground based on the timeliness of the Court's decision.  (*Id.* ¶¶ 14–24.)  On May 8, 2025, the Magistrate Judge issued R&R recommending that that the Court deny MacDermott's Petition for Writ of Habeas Corpus and dismiss the Petition with Prejudice.  (R&R at 14, May 8, 2025, Docket No. 21.)

---

[1] The Magistrate Judge detailed the facts underlying MacDermott's habeas petition as well as the BOP's disciplinary procedures that are relevant to this case at length in *MacDermott v. Rardin*, No. 25-5, 2025 WL 1400337 (D. Minn. May 8, 2025) and therefore the Court will not do so again here.

On May 14, 2025, the Court adopted the January 7th R&R and denied MacDermott's request for preliminary injunctive relief. (Order Accepting R&R ¶ 2, May 14, 2025, Docket No. 22.) On July 30, 2025, MacDermott filed a Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket No. 24) and a Request for Equitable Tolling of Fed. R. Civ. P. 59(e) deadline (Docket No. 25).

During the Court's consideration of the May 8th R&R and MacDermott's motions, the Court was informed that MacDermott had been released from custody on October 1, 2025. The Court issued an Order to Show Cause directing the Government to provide information confirming that MacDermott had indeed been released, (Order, Oct. 29, 2025, Docket No. 27), and the Government did so, (Status Report, Nov. 14, 2025, Docket No 28).

## DISCUSSION

### I.   STANDARD OF REVIEW

As a threshold matter, the Court liberally construes MacDermott's Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e) as an objection to the May 8, 2025 R&R. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks omitted)).

After a magistrate judge issues an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept.

28, 2008). For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

## II.   ANALYSIS

Federal courts have jurisdiction over actual "Cases" and "Controversies." U.S. Const., art. III, § 2. A case or controversy must exist throughout the entire life of the lawsuit. *Brazil v. Ark. Dep't of Hum. Servs.*, 892 F.3d 957, 959 (8th Cir. 2018). If the case-or-controversy requirement is no longer met during the proceeding, the action is moot and must be dismissed. *Id.* In other words, an action must be dismissed as moot if the Court can no longer provide any meaningful relief to the party who initiated the action. *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.*, 487 F.3d 1190, 1192 (8th Cir. 2007).

This matter became moot when MacDermott was released from custody on October 1, 2025 because the Court "can no longer grant effective relief" to MacDermott, since he no longer in BOP custody. *See Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quotation omitted).

But a court should not dismiss a habeas petition as moot simply because the petitioner is no longer in custody if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-2124, 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R&R adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of these exceptions apply here.  First, nothing in the record suggests that MacDermott suffered or will suffer any cognizable collateral consequences arising from MacDermott not being released when he thought he should have been.[2]  Nor is there any indication that the restoration of the disallowed good-time credit would have any effect on MacDermott's term of supervised release.[3]  The first exception therefore does not apply.

Second, the "capable of repetition yet evading review" exception applies only "if the matter is too short in duration to be fully litigated before it ends or expires and there

---

[2] Although MacDermott could argue that the Petition is not moot because he seeks to expunge his disciplinary record (Pet. ¶ 27), the Court would reject this argument because MacDermott's disciplinary record impacts his sentence only while he remains in custody and is irrelevant once he is released.  *See* 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release."); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987) (concluding that petitioner's request for expungement of disciplinary record was moot because "the good time of one confinement does not carry over to a second confinement").

[3] *See James v. Outlaw*, 142 F. App'x 274, 275 (8th Cir. 2005) (concluding that the prisoner's habeas petition became moot and finding no collateral consequences because the "return of the good-time credits at issue would have no effect on the prisoner's term of supervised release"); *United States v. Johnson*, 529 U.S. 53, 60 (2000) (holding that even if a prisoner serves excess prison time, federal statute does not entitle them to a corresponding reduction in their term of supervised release).

is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing else to litigate, and there is no indication that MacDermott will be held in the BOP's custody again or otherwise subject to the allegations in the Petition again. *See Alvarado-Ortiz*, 2022 WL 4358112, at *2.

Third, the "voluntary cessation" exception does not apply because MacDermott has been released and is no longer is BOP custody. Even assuming MacDermott was placed in BOP custody again, the situation would present a different set of facts and circumstances, and therefore it would be "impossible for the government to repeat the *same* unlawful conduct that [MacDermott] challenged." *See Kargbo v. Brott*, No. 15-2713, 2016 WL 3676162, at *2 (D. Minn. July 6, 2016). If MacDermott is returned to the BOP and is later harmed under a different set of facts and circumstances, he could bring a new habeas petition. The third exception is therefore inapplicable.

Fourth, because MacDermott filed his petition on his own behalf—and not on behalf of a class—the class action exception does not apply.

Accordingly, the Court concludes that MacDermott's habeas petition is moot and should be dismissed.

Even if this case was not moot, the Court would nonetheless overrule MacDermott's objections. MacDermott first argues that the Magistrate Judge failed to address his argument that the disciplinary hearings violated statutory and regulatory law

(i.e., Administrative Procedure Act (APA)) (*See* Mot. Alter or Am. J. at 1–2.)  This argument fails because the APA does not apply to claims regarding the loss of good-time credit.  *See* 18 U.S.C. § 3625.[4]

MacDermott also argues that the Magistrate Judge failed to consider *Lao v. Schult*, No. 9:09–00653, 2010 WL 743757 (N.D.N.Y. Feb. 25, 2010).  MacDermott's reliance on *Lao* is misplaced for two reasons.  First, the Court is not bound by decisions of other district courts; therefore, the Magistrate Judge was not required to analyze it.  Second, *Lao* is inapposite.  In *Lao*, the district court determined that prison officials violated 28 C.F.R. § 541.15, which required that an inmate be provided an written incident report "ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident," and that the time limit could be extended only upon "good cause shown by the inmate or staff and documented in the record of the hearing." *Id.* at *5 (citing 28 C.F.R. § 541.15(a), (k)).  Because the "good cause" provision no longer exists (*see* 28 C.F.R. § 541.5), *Lao*'s reasoning is not applicable to this case.[5]

---

[4] *Hernandez-Pacheco v. Fisher*, No. 10-2088, 2011 WL 4929417, at *1 n.2 (D. Minn. Sept. 12, 2011), *R&R adopted*, 2011 WL 4808187 (D. Minn. Oct. 11, 2011); *Jordan v. Wiley*, 411 F. App'x 201 (10th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes "APA review of BOP substantive disciplinary determinations involving the reduction of good-time credits").

[5] Moreover, a failure to provide the incident report within 24 hours does not automatically amount to a due process violation.  *See Ward v. King*, No. 24-114, 2024 WL 5340680, at *4 (D. Minn. Nov. 27, 2024) (citing *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)), *R&R adopted*, 2025 WL 240771 (D. Minn. Jan. 17, 2025).

Finally, the Court also concludes the disciplinary determination was supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). The Magistrate Judge identified several pieces of evidence supporting the disciplinary decision, and the Court agrees that the "some evidence" standard is met. (*See* R&R at 12–13.) The Magistrate Judge thus did not err in recommending that MacDermott's habeas petition be denied.

## CONCLUSION

Since MacDermott has been released from custody, MacDermott's habeas petition is moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED as moot**;

2. Petitioner's Motion to Alter or Amend the Judgment [Docket No. 24] is **DENIED as moot**;

3. Petitioner's Request for Equitable Tolling of Rule 59(e) Deadline [Docket No. 25] is **DENIED as moot**;

4. The Report and Recommendation [Docket No. 21] is **REJECTED as moot**; and

5. The action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 10, 2025
at Minneapolis, Minnesota.

                                            JOHN R. TUNHEIM
                                     United States District Judge